## FIRST NAT. BANK OF PLATTSBURGH *v.* SOWLES *et al.*

*(Circuit Court, D. Vermont. July 9, 1891.)*

**1. REPRESENTATION AS TO ANOTHER'S CREDIT.**

Defendants, as directors, during a run on their bank, posted conspicuously in the bank a notice, signed by them, and addressed to the general public, representing the bank to be solvent. Plaintiff saw the notice, and, after a consultation with the directors, loaned the bank money, which was lost. *Held*, that the notice, not being addressed to plaintiff, could not entitle it to recover from the directors, under R. L. Vt. § 983, which provides that no action shall be brought to charge any person upon a representation concerning the credit of another, unless such representation is in writing, and signed by the party to be charged; and the fact that the notice was signed by defendants as directors would prevent a recovery from them individually, even if the notice were a sufficient representation in writing.

**2. SAME—PAROL EVIDENCE.**

Such representation in writing cannot be aided by evidence of additional verbal representations.

At Law.

*G. H. Beckwith*, for plaintiff.

*Willard Farrington* and *Geo. A. Ballard*, for defendant Burton.

WHEELER, J. This suit is brought upon alleged representations by the defendants that the First National Bank of St. Albans was sound and solvent, whereby the plaintiff was induced to loan it $10,000; and after a trial by jury, on which a verdict was directed for the defendants, has now been heard on a motion for a new trial. The laws of Vermont pro-

vide that "no action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade, or dealings of another person, unless such representation or assurance is made in writing, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." R. L. § 983. And that "the word 'person' may extend and be applied to bodies corporate and politic." Section 21. There was a run on the First National Bank of St. Albans. The defendants were a majority of the directors, and signed and had posted conspicuously in the public banking-room, this:

"NOTICE. This bank is sound, and will pay all its liabilities, and creditors need not have any fears of loss, as we have sufficient assets to pay all liabilities.

"*St. Albans, Jan'y 14, 1884.*            E. A. SOWLES,
                                         "O. A. BURTON,
                                      .  "ALBERT SOWLES,
                                                  "Directors."

The president of the plaintiff read this notice, and afterwards, on the same day, on consultation and discussion with the defendants as to the prospects of their bank, made this loan, for which he took collaterals, from which the plaintiff has realized all but about $1,900 of the loan. The plaintiff insists that whether the statements in the notice were relied upon in making the loan should have been submitted to the jury, with directions to find for the plaintiff, if they were. There was a representation in writing of the credit and ability of the bank, signed by the defendants; and this claim of the plaintiff has some plausibility. But that such a representation was so made somewhere, at some time, to some person, by the persons sought to be charged, is not sufficient; it must be made to the person seeking to charge them. In *Grant* v. *Naylor*, 4 Cranch, 224, a letter of credit, addressed to John & Joseph Naylor & Co., was delivered to John and Jeremiah Naylor, there being no such firm as John & Joseph Naylor & Co., and the writer was sought to be charged, on the corresponding section of the statute of frauds, by John and Jeremiah Naylor. As to this Chief Justice MARSHALL said:

"In such a case, the letter itself is not a written contract between Daniel Grant, the writer, and John and Jeremiah Naylor, the persons to whom it was delivered. To admit parol proof to make it such a contract is going further than courts have ever gone where the writing is itself the contract, not evidence of a contract, and where no preceding obligation bound the party to enter into it."

The same judge said in *Russell* v. *Clarke*, 7 Cranch, 69, on the same statute:

"It is the duty of the individual who contracts with one man on the credit of another not to trust to ambiguous phrases and strained constructions, but to require an explicit and plain declaration of the obligation he is about to assume."

The requirement for charging a person in that section was similar to that in this. This writing was not delivered to, nor to any one for, the plaintiff, and the plaintiff was not one of those for whom it was obvi-

ously intended. If it had been signed by the defendants as individuals instead of as directors, it would not appear to have been a representation to the plaintiff on which they could be charged, within the meaning of this statute. But, further, this notice was an official statement of the defendants as directors, on its face made to the then creditors, to inspire confidence, rather than as individuals, to procure loans. The evidence by which the notice was sought to be pieced out would make a case on oral representations, which is what the statute forbids. The statute stands squarely in the way of any recovery by the plaintiff, and precludes all necessity for examining the cases referred to, where no such statute prevails. Motion denied, stay vacated, and judgment on verdict for defendants.